■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PRATT, Appellant. [994 NYS2d 95]—

Order, Supreme Court, New York County (Bonnie G. Wittner, J.), entered on or about December 13, 2011, which adjudicated defendant a level one sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

Since defendant never objected to his designation as a sexually violent offender, which was based on his underlying conviction for sexual abuse in the first degree, his present challenge to that designation is unpreserved (*see People v Gillotti*, 23 NY3d

841, 856-857, 861 n 5 [2014] [and cases cited therein]), and we decline to review it in the interest of justice. Accordingly, on this appeal, we need not decide whether a court has discretion regarding a sexually violent offender designation.

The balance of the order on appeal adjudicates defendant a level one offender. As defendant does not dispute, he qualifies as a level one offender regardless of the number of points assessed by the court. Nevertheless, he asks this Court to adjust his point score to eliminate certain points that he claims were improperly assessed. "We find no basis for such relief, because the contested points were not essential to the court's determination and do not affect the validity of the order on appeal" (*People v Lucas*, 118 AD3d 415, 416 [1st Dept 2014]). "[T]he concept of aggrievement is about whether relief was granted or withheld, and not about the reasons therefor" (*Mixon v TBV, Inc.*, 76 AD3d 144, 149 [2d Dept 2010]). Defendant's claim that his point score might potentially prejudice him rests on speculation. In any event, we find that the contested points were properly assessed (*see People v Mingo*, 12 NY3d 563, 572-574, 576-577 [2009]). Concur—Gonzalez, P.J., Saxe, DeGrasse, Richter and Clark, JJ.